### R. W. GARRISON *v.* MRS. A. H. McINNIS.

**Evidence — General Objections — Specific Objections on Appeal.**

> When only general objections are made to testimony in the lower court specific objections will not be heard for first time in Supreme Court.[1]

**Ejectment — Tax Sale to Liquidating Levee Board — Redemption.**

> Where lands have been sold for taxes to the Liquidating Levee Board but redeemed from said sale within the time prescribed by law a subsequent sale by the commissioners of said board is void.[2]

**Same — Adverse Possession.**

> Open, actual, and notorious adverse possession of land for more than ten years confers title.[3]

Ejectment by appellant, Garrison, against appellee, McInnis. From verdict and judgment for defendant plaintiff appeals. Affirmed.

---

[1]
Objections to evidence not specifically pointed out in the court below are considered as waived and will not be noticed here. Hence, where upon a general objection, judgment and execution under which land was sold, and the sheriff's deed, were excluded, it was held that the action of the court

On the trial plaintiff introduced a deed from the sheriff of Washington county, in which the lands in controversy were situated, to the commissioners of the Liquidating Levee Board and a deed from S. Gwin and W. L. Hemingway, commissioners of said board, appointed in the case of Green *v.* Gibbs et al., in the Chancery Court of Hinds county to himself and rested. This last deed was dated April 27, 1881, and the first was dated May 20, 1869.

The defense was a redemption of the land in 1870 and adverse possession for more than ten years.

Several witnesses testified that defendant did have a certificate of redemption of the lands in controversy, but that it had been lost; that they saw it and testified to its contents; there was also evidence that the defendant and those under whom she claimed had been in actual possession and occupation of the lands since 1870, renting it to tenants and exercising acts of ownership over it.

below could not be sustained, if otherwise wrong, upon the ground that a copy of the appraisement made under the Valuation Law had not been delivered to the defendant in execution, that objection not having been made in the court below. Doe *v.* Natchez Insurance Co., 8 S. & M. 197.

The high court will not notice any objection to evidence not raised in the court below. Chew *v.* Read, 11 S. & M. 182.

2

Under the act of 1858 the right of redemption in two years exists as well where individuals are purchasers as where the land is sold to the levee board. Heard *v.* Walton, 39 Miss. 388.

3

Adverse possession, though under parol gift, if it continues for ten years, confers a perfect title. Davis *v.* Davis, 68 Miss. 478; Magee *v.* Magee, 37 Miss. 138.

The adverse possession to be available must have been continuous. Tegarden *v.* Carpenter, 36 Miss. 404; Nixon *v.* Porter, 38 Miss. 401.

Adverse possession must be an invasion of the rights of the opposite party. Magee *v.* Magee, 37 Miss. 138.

What constitutes an adverse holding is a question of law, but the intent of the possessor, which is always material, is a question for the jury. Magee *v.* Magee, 37 Miss. 138.

The ten years' occupation, as declared in the statute, vests a full and complete title, upon which the land can be recovered in ejectment, without further evidence than the facts showing such possession. Ellis *v.* Murray, 28 Miss. 129; Ford *v.* Wilson, 35 Miss. 490; Davis *v.* Bowman, 55 Miss. 671.

That neither actual occupation, cultivation, or residence is necessary to constitute actual possession when the property is so situated as not to admit of any permanent, useful improvement, and the continued claim of the party has been evidenced by public acts of ownership, such as he would exercise over property which he claimed in his own right and would not exercise over

For plaintiff, the court instructed the jury that the deed to the commissioners of the levee board was *prima facie* evidence of title in the levee board and that the deed to plaintiff from the commissioners was *prima facie* evidence of title in plaintiff.

For defendant, the court instructed the jury that if the land was sold to the levee board for taxes in 1869, but was redeemed in 1870, they should find for defendant notwithstanding the fact that the land was sold by Gwin and Hemingway, commissioners, in 1881, and that the actual, notorious, and continuous adverse possession of the land for more than ten years would confer title on defendant.

Plaintiff made objection to the introduction of some of defendant's testimony, because it was " irrelevant and incompetent."

property which he did not claim. McCaughn *v.* Young, 85 Miss. 292; Ford *v.* Wilson, 35 Miss. 490, 72 Am. Dec. 137.

Possession which is adverse and actually known to the true owner is equivalent to a possession which is open and notorious and adverse. McCaughn *v.* Young, 85 Miss. 294; Alexander *v.* Polk, 39 Miss. 737.

Proof of ten years' actual possession under claim of ownership will *prima facie* defeat recovery in ejectment on a tax title executed and operative more than ten years prior to the suit, since the possession and claim will be presumed to have been adverse to the tax deed. Graham *v.* Warren, 81 Miss. 330.

Cultivation of a part of a tract and acts of ownership over the remainder without hindrance for ten years gives title to all. Gathings & Watson *v.* Miller, 76 Miss. 651.

A statute does not run in favor of a tenant in common until he has actually ousted his cotenants, or done some act deemed by law equivalent thereto. Bentley *v.* Executor, 79 Miss. 302.

A void deed is sufficient to constitute color of title. One who enters under color of title and holds adversely may extend his possession to the whole land embraced in his deed. But a mere intruder can extend his possession only to the extent of his actual occupancy. Wellborn *v.* Anderson, 37 Miss. 155; Ryan *v.* Miss. R. R. Co., 62 Miss. 162.

A defendant having color of title is not a mere intruder. Nixon *v.* Porter, 38 Miss. 401.

Void title as to part of the land conveyed and occupation of that part to which the grantee had title will not give the grantee constructive possession of the other part to which he had no title, so as to disseize the real owner. To divest the rightful owner of a whole tract the partial occupation must raise a reasonable presumption that the rightful owner knows that the entry was made under color of title, otherwise the disseizin will not extend beyond the actual occupation. Jones *v.* Gaddis, 67 Miss. 769; Mitchell *v.* Bond, 84 Miss. 72.

A mere scrambling possession is not sufficient. Mitchell *v.* Bond, 84 Miss. 72.

Plaintiff's motion for a new trial was overruled, and he appeals.

APEALED from Circuit Court of Sunflower county.

Affirmed, November 9, 1885.

*Attorneys for appellant, Nugent & McWillie.*

*Attorneys for appellee, J. M. Jayne and C. S. McInnis.*

Brief for appellant not found in record.

Brief of Jayne & McInnis:

There are but two questions presented by the record in this case. First. Was the land in controversy redeemed from the liquidating levee commissioners?

Second. Is the appellant barred of his remedy by reason of the adverse holding of the appellee and her vendors, if there was not a redemption?

The determination of either of these questions in behalf of the appellee settles the controversy.

1. Was there a redemption of the lands in controversy within the time allowed by law? The land was sold for taxes on the 20th day of May, 1869. The redemption, if any, occurred in the month of May, 1870, within two years from the date of the sale, the time allowed under the statute for redemption. Acts 1858, p. 37. So if there was a redemption, it was within the time allowed by the statute. Then was there a redemption? * * *

If, as contested by counsel for appellant, the officer must perform his duty and cancel the deed, before redemption becomes complete, then we admit that we did not redeem. Will the performance of all the duties enjoined by the statute upon the owner of the land amount to a redemption? We think so. 54 Tex. 378; 3 W. Va. 522; Desty on Taxation, 888, 889, and cases there cited. These cases decide that where a tender of the money due is made by the owner of the land to purchaser, at tax sale, for the amount of taxes due and damages, the tender *ipso facto* works a redemption. The idea is that a payment of the amount due for taxes and damages, or a tender of the amount due, works redemption. I can see no difference between a purchaser at tax sale

and the State or levee board, when the land is struck off to them. They are as much of a purchaser as a private individual. And if a tender of the amount due would work a redemption between individuals, would not a payment of the amount due to the proper officer of the levee commissioners work a redemption? * * *

If the argument of counsel for appellant is correct, there was no one in 1870 to whom this payment could be made. There was no Probate Court and the chancery clerk could not receive it. The board of levee commissioners, acting under the law of 1858, whose treasurer had his domicile in Prentiss, Bolivar county, had become defunct, and were not in existence. The very object of the act of 1867 was to create a new levee commission, for the purpose of winding up or liquidating the debts due by the *ante bellum* levee board, acting under the act of 1858.

But there was one or more persons to whom this payment could be made. The law of 1867, § 3, p. 245, provides that the land sold for taxes shall be liable to redemption as is provided in the Acts of 1858. In the Acts of 1858, the redemption can be made by payment of the amount due, to the treasurer of the levee board, or to the probate clerk of the county in which the lands are situate. So we think redemption in 1870 could have been effected by paying the amount due to the chancery clerk of Washington county, the county in which the lands were then situate, or to the treasurer of the liquidating levee board, *who did not have his office at Prentiss, Bolivar county.* * * *

In arguing this branch of the case, we have assumed that it made no difference who paid the money to the levee treasurer in 1870. If the money was paid by the owner of the land or his agent, it worked a redemption of the title from the levee board, and they could not convey title to Garrison. If a stranger paid the money in 1870, and the owner failed to redeem from such stranger within two years from May, 1869, the date of sale, the stranger became a *purchaser* from the levee board, and they had no title to convey to Garrison. So it makes no difference, in so far as Garrison is concerned, whether the party paying the money in 1870 operated as a redemptionist or as a purchaser.

2. If no redemption of the land was made, and the title conveyed to the levee board in 1869 ripened into a perfect title, can that title be defeated by an adverse holding for ten years of one in possession with color of title?

In the discussion of this branch of the case, counsel for appellant discuss the standing of an intruder and holding through tenants, etc., as against a public corporation, etc. While the record is defective in setting forth fully McInnis' title, we think enough appears to show that she holds the land by descent from her husband, who purchased the same from Barnett and McLeod. * * *

Then did the Statute of Limitations run against the levee board, from the time the land is supposed to have vested in them? The Statute of Limitations ran against the State and all public corporations from the adoption of the Code of 1857, up to the year 1877, when the law authorizing the Statute of Limitations to be taken against the State was repealed. Code 1857, art. 25, p. 402; Code 1871, § 2169; Irving v. Green, 54 Miss. 450; Clemants v. Anderson, 46 Miss. 581. Did the repeal of the law, allowing the statute to run against the State, apply also to the public corporations created by the State? We think not. 46 Miss. 581. If it did not, the appellants were barred unless the holding of appellee was a permissive holding. There is nothing in the record tending to show a permissive holding, but on the contrary, every act of appellee was hostile to the title of the appellant and his vendors.

OPINION.—ARNOLD, J.:

Both of the defenses made by the appellee, to wit, that the land in controversy was redeemed within the time specified by the statute, and adverse possession of the land for ten years prior to the commencement of the suit, are supported by the testimony.

The objections made by the appellant to certain testimony in the court below, were general, and specific objections to the same cannot be availed of here. There is no error in the instructions and the judgment is *affirmed*.